CIMIOTTI UNHAIRING CO. et al. v. BOWSKY.

(Circuit Court, S. D. New York. January 7, 1902.)

1. PATENTS—SUITS FOR INFRINGEMENT—REFERENCE TO ASCERTAIN PROFITS.
    Upon a reference to ascertain the profits realized by a defendant from the use of infringing machines, his testimony in another suit as to such profits is admissible against him as an admission.

2. SAME—EVIDENCE TO SUSTAIN FINDINGS.
    Where a defendant testified as to the profits realized from the infringing machines used by him, without stating that any part of such profits arose from anything but the infringement, the master is justified in assuming that no part of such profits were to be distinguished as arising from the noninfringing parts of the machine, and in finding accordingly.

In Equity. Suit for infringement of patent. On exceptions to report of master.

See 95 Fed. 474.

Louis C. Raegener, for plaintiffs.

Henry Schreiter, for defendant.

WHEELER, District Judge. The master has found the defendant's profits from his admission on the stand that he testified in another proceeding that his profits for unhairing skins on the infringing machines were 75 cents per dozen, all expenses deducted.

One exception of defendant to the report is that the findings are "based upon irrelevant, incompetent, and inadmissible evidence"; another is that only a part of each machine infringed, and that there

is no evidence of what part of the profits "resulted from the use in the defendant's machines of this infringing device." The defendant's testimony in the other case, reproduced by his admission in this, related to this infringement, and to the profits realized from it, and there is no fair question but that it was admissible as evidence of the facts stated in it against him. It stated the profits as resulting from the use of the infringing machines, and did not state that any part of them resulted from anything but the infringement, and in reproducing it he did not so state voluntarily, nor on cross-examination by his counsel. Although profits arising from infringement must be distinguished by proof, the failure to claim that any of those testified to by the defendant arose from anything else than the infringement in question, at either time, seems to be evidence from which the master might find that there were none to be distinguished as arising from anything but the infringement.

Exceptions overruled.